AO 451 (Rev. 12/93) Certification of Judgment

# UNITED STATES DISTRICT COURT

*FILED 08 FEB 26 PM 3:26
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA*

DISTRICT OF Arizona

Shawn D. Catz, Jason A. Catz,
Robert S. Catz

v.

Susan R. Chalker, et al.

**CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN
ANOTHER DISTRICT**

CV 08 80022 MISC VRW

Case Number: CIV-03-91-TUC-FRZ

I, _____, Clerk of the United States district court certify that the attached judgment is a true and correct copy of the original judgment entered in this action on 10/26/07, as it appears in the records of this court, and that *AS AMENDED AS TO CAPTION NAME ONLY, FILED 11/27/07.*
Date

* No notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appelate Procedure has been filed. See also certified copies of Order for attorney's fees filed 10/26/07 as amended by Order filed 11/27/07, incorporated by reference.

**IN TESTIMONY WHEREOF,** I sign my name and affix the seal of this Court.

2/13/08
Date

**RICHARD H. WEARE**
Clerk

_____
(By) Deputy Clerk

---

* Insert the appropriate language: . . . "no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed." . . . "no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure ( + ) have been disposed of, the latest order disposing of such a motion having been entered on [date]." . . . "an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]." . . . "an appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

(+ Note: The motions listed in Rule 4(a), Fed.R.App.P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

AO-451

```
                    IN THE UNITED STATES DISTRICT COURT

                          FOR THE DISTRICT OF ARIZONA


Shawn D. Katz, et al.,        )   CV 08 80022MISC
                              )
            Plaintiffs,       )
                              )
vs.                           )   JUDGMENT IN A CIVIL CASE
                              )
                              )   No. CIV 03-91-TUC-FRZ  VRW
Susan R. Chalker, et al.,     )
                              )
            Defendants.       )
_____)
```

X   **DECISION BY COURT.** This action came under consideration before the Court. The issues have been considered and a decision has been rendered.

**IT IS ORDERED** as follows:

(1) United States Magistrate Judge Guerin's Report and Recommendation (Doc. #154) is **accepted and adopted.**

(2) Defendants' motions for attorneys' fees (Doc. #'s 125, 129) are **granted**.

(3) The Court awards attorneys' fees and costs in the amount of **$33,824.00 to TIAA-CREF** against each Plaintiff jointly and severally.

(4) The Court awards attorneys' fees and costs in the amount of **$66,126.00 to the Chalker Defendants** against each Plaintiff jointly and severally.

October 26, 2007                    RICHARD H. WEARE
Date                                CLERK

                                    S/ M. Michelle Mejia
I hereby attest and certify on 12/7/07   M. Michelle Mejia
that the foregoing document is a full, true and correct   Deputy Clerk
copy of the original on file in my office and in my cus-
tody.
CLERK, U.S. DISTRICT COURT
        DISTRICT OF ARIZONA
By_____ Deputy

Copies to: J/B, FRZ, all counsel

```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF ARIZONA


Shawn D. Catz, Jason A. Catz,  )
Robert S. Catz,                )
                               )
        Plaintiffs,            )
                               )    JUDGMENT IN A CIVIL CASE
vs.                            )
                               )    AMENDED AS TO CAPTION NAME ONLY
                               )    No. CIV 03-91-TUC-FRZ
Susan R. Chalker, et al.,      )
                               )
        Defendants.            )
```

X    **DECISION BY COURT.**  This action came under consideration before the Court.  The issues have been considered and a decision has been rendered.

**IT IS ORDERED** as follows:

(1) United States Magistrate Judge Guerin's Report and Recommendation (Doc. #154) is **accepted and adopted**.

(2) Defendants' motions for attorneys' fees (Doc. #'s 125, 129) are **granted**.

(3) The Court awards attorneys' fees and costs in the amount of **$33,824.00 to TIAA-CREF** against each Plaintiff jointly and severally.

(4) The Court awards attorneys' fees and costs in the amount of **$66,126.00 to the Chalker Defendants** against each Plaintiff jointly and severally.

                                        RICHARD H. WEARE
**NUNC PRO TUNC**                            CLERK
October 26, 2007
Date
                                        S/ M. Michelle Mejia
                                        M. Michelle Mejia
                                        Deputy Clerk

I hereby attest and certify on 12/7/07 that the foregoing document is a full, true and correct copy of the original on file in my office and in my custody.
CLERK, U.S. DISTRICT COURT
/DISTRICT OF ARIZONA
By_____ Deputy

Copies to: J/B, FRZ, all counsel

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn D. Catz, Jason A. Catz, Robert S. Catz,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Susan R. Chalker, et al.,<br><br>　　　　Defendants. | No. CIV 03-91-TUC-FRZ<br><br>**ORDER** |

The Court has been informed that there was a typo in the Order and Judgment pertaining to the award of attorneys' fees. *See* Doc. #165 (Plaintiffs' motion to amend). The respective captions pertaining to Plaintiffs stated: "Shawn D. Katz, et al." *See* Doc. #'s 163, 164. However, the "K" in "Katz" should have been a "C" (i.e., Catz). Although there is no question that the judgment is against the three Catz Plaintiffs, the Court will order the typo corrected to avoid any alleged confusion. IT IS HEREBY ORDERED that the caption pertaining to the Order awarding attorneys fees (Doc. #163) is amended *nunc pro tunc* such that the caption relevant to the Plaintiffs reads: "Shawn D. Catz, Jason A. Catz, Robert S. Catz". IT IS FURTHER ORDERED that the Clerk of the Court shall issue an amended Judgment pertaining to the award of attorneys' fees such that the caption pertaining to Plaintiffs reads: "Shawn D. Catz, Jason A. Catz, Robert S. Catz".

DATED this 21st day of November, 2007.

FRANK R. ZAPATA
United States District Judge

I hereby attest and certify on 12/7/07 that the foregoing document is a full, true and correct copy of the original on file in my office and in my custody.
CLERK, U.S. DISTRICT COURT
DISTRICT OF ARIZONA
By_____ Deputy

1
2
3
4
5                    IN THE UNITED STATES DISTRICT COURT
6                        FOR THE DISTRICT OF ARIZONA

7  Shawn D. Katz, et al.,              )    No. CIV 03-91-TUC-FRZ
                                       )
8            Plaintiffs,               )    **ORDER**
                                       )
9  vs.                                 )
                                       )
10                                     )
   Susan R. Chalker, et al.,           )
11                                     )
             Defendants.               )
12                                     )
                                       )
13                                     )

14 **I. BACKGROUND**
15
    Pending before the Court is Defendant TIAA-CREF's Motion for Award of Attorneys'
16
   Fees and Defendants Leonard Karp, Annette Everlove and Susan Chalker's ("Chalker
17
   Defendants") Motion for Award of Attorneys' Fees. United States Magistrate Judge Jennifer
18
   C. Guerin issued a Report and Recommendation recommending that the motions be granted
19
   and Defendants be awarded the full amount of attorneys' fees requested. Plaintiffs' filed
20
   objections to the Report and Recommendation. Although Defendant TIAA-CREF was
21
   awarded the full amount of attorneys' fees requested, it filed a partial objection to the Report
22
   and Recommendation; the Court will deny TIAA-CREF's objection as moot.
23
   **II. STANDARD OF REVIEW**
24
    The Court reviews de novo the objected-to portions of the Report and Recommendation.
25
   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the
26
   unobjected-to portions of the Report and Recommendation. *Johnson v. Zema Systems Corp.*,
27
28

170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

### III. DISCUSSION[1]

#### A. Objections

A review of the documents filed by Plaintiffs purportedly objecting to the Report and Recommendation shows that Plaintiffs did not file any specific objections to the Report and Recommendation. As such, there are no specific objections for the Court to address. Rather, Plaintiffs summarily rely on the previously filed responses to the motions for attorneys' fees at issue. As the Report and Recommendation throughly and correctly discussed the relevant facts and law and properly granted the motions for attorneys' fees, Plaintiffs' purported objections to the Report and Recommendation are denied.[2]

As mentioned above, Defendant TIAA-CREF filed a partial objection to the Report and Recommendation. While the Report and Recommendation found that TIAA-CREF was not entitled to an award of fees pursuant to 42 U.S.C. §1988, the Report and Recommendation

---

[1] As the Report and Recommendation throughly discusses the relevant facts and law, the Court will not repeat that discussion. Rather, the relevant facts and law will be addressed only to the extent necessary to resolve the specific objections filed by the parties.

[2] The Court notes that Plaintiffs have requested (Doc. #156) that the Court defer ruling on the motions for attorneys' fees until such time as the appeal on the merits with the Ninth Circuit is resolved. Defendants have opposed this request as this litigation has spanned more than a decade, a ruling on the motions for attorneys fees will bring this case closer to a conclusion, and it is more efficient to rule on the motions for attorneys' fees at this point in time; to the extent Plaintiffs' appeal the ruling on the motions for attorneys' fees, this appeal can be consolidated and decided with the appeal on the merits. There is no question that the Court has jurisdiction to rule on motions for attorneys' fees while an appeal is pending. *See Tancredi v. Metropolitan Life Ins. Co.*, 378 F.3d 220, 225 (2nd Cir. 2004)(". . . notwithstanding a pending appeal, a district court retains residual jurisdiction over collateral matters, including claims for attorneys' fees."); *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir.1998)(" . . . the district court retains jurisdiction over collateral matters not involved in the appeal . . . Attorney's fees awards are collateral matters over which the district court retains jurisdiction."); *League of Women Voters of California v. FCC*, 751 F.2d 986, 990 (9th Cir. 1985)("Although a notice of appeal has been filed, a district court . . . retains jurisdiction to rule upon a request for attorney fees."). In the interest of finality and efficiency, Plaintiffs' request to defer ruling on the motions for attorneys' fees is denied. The Court also notes that Defendants summarily requested (Doc. #'s 141, 142) that Plaintiffs be required to post a bond on appeal; the request is denied.

1  nonetheless found that TIAA-CREF was entitled to all of its requested attorneys' fees
2  pursuant to 28 U.S.C. §1927. *See* Report and Recommendation at 5. TIAA-CREF's only
3  objection is that it is entitled to fees pursuant to both 42 U.S.C. §1988 and 28 U.S.C. §1927.
4  As the Court is adopting the Report and Recommendation, and TIAA-CREF is receiving all
5  of its requested fees, TIAA-CREF's objection is denied as moot.
6  **B. Remaining Issues**
7  As to the remaining issues that were not objected to by the parties, the Court has reviewed
8  the entire record and concludes that Magistrate Judge Guerin's recommendations are not
9  clearly erroneous. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Johnson v. Zema Systems*
10  *Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D.
11  Or. 1998).
12  **IV. CONCLUSION**
13  Accordingly, IT IS HEREBY ORDERED as follows:
14  (1) United States Magistrate Judge Guerin's Report and Recommendation (Doc. #154) is
15  **accepted and adopted**.
16  (2) Defendants' motions for attorneys' fees (Doc. #'s 125, 129) are **granted**.
17  (3) The Court awards attorneys' fees and costs in the amount of **$33,824.00 to TIAA-CREF**
18  against each Plaintiff jointly and severally.
19  (4) The Court awards attorneys' fees and costs in the amount of **$66,126.00 to the Chalker**
20  **Defendants** against each Plaintiff jointly and severally.
21  (5) **The Clerk of the Court shall enter judgment accordingly**.
22
23  DATED this 26th day of October, 2007.
24
25
26  I hereby attest and certify on 12/7/07 that the foregoing document is a full, true and correct copy of the original on file in my office and in my custody.
27  CLERK, U.S. DISTRICT COURT DISTRICT OF ARIZONA
28  By_____ Deputy

FRANK R. ZAPATA
United States District Judge