JASON A. CATZ
jasoncatz@yahoo.com
801 Calmar Avenue
Oakland, CA 94610
Telephone: (415) 336-0638

Plaintiff in Pro Per

FILED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Shawn D. Catz, Jason A. Catz, Robert S. Catz, <br> Plaintiffs, <br> vs. <br> Susan R. Chalker, Leonard Karp, Annette Everlove et al., <br> Defendants. | No. CV0880022MISCC (VRW) <br><br> JASON CATZ'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES <br><br> Date:  TBD <br> Time:  TBD <br> Judge: Vaughn Walker |

NOTICE OF MOTION AND MOTION

TO SUSAN CHALKER, LEONARD KARP, AND ANNETTE EVERLOVE AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Jason A. Catz hereby moves and applies pursuant to Federal Rules of Civil Procedure 65(b) and Local Rules 7-10 and 65-1, for an order granting the following relief:

1. Issuance of a temporary restraining order:

   a. Enjoining and restraining Defendants Susan R. Chalker, Leonard Karp and Annette Everlove (collectively, "Defendants") from obtaining any

- 1 -   EX PARTE APPL. FOR TRO AND OSC TO SHOW WHY
PRELIMINARY INJ. SHOULD NOT ISSUE
Case No. CV-08-80022MISC (VRW)

1  wages garnished from plaintiff Jason Catz's employment with Pillsbury
2  Winthrop Shaw Pittman LLP ("Pillsbury").
3      b.    Relieving Jason Catz's employer, Pillsbury, from any
4  obligation to further garnish his wages until further order of this Court.
5
6  2.    Issuance of an order to show cause, if any, why:
7      a.    Defendants' registration of judgment filed in this Court on February
8  21, 2008 should not be dismissed.
9      b.    Defendants should not, during the pendency of Catz's appeal of the
10  October 26, 2007 fee award at issue in this application, be enjoined from
11  obtaining any of those monies (equal to $1,872.64) presently within the
12  custody of San Francisco Sheriff Civil Section (file no. 2008353639);
13      c.    Defendants should not, during the pendency of Catz's appeal of the
14  October 26, 2007 fee award at issue in this application, be enjoined from
15  obtaining any of future monies to which Defendants claim to be entitled as a
16  result of the October 26, 2007 fee award by the U.S. District Court for the
17  District of Arizona (totaling $66,124).
18      d.    Defendants should not, during the pendency of Catz's appeal of the
19  October 26, 2007 fee award at issue in this application, be ordered to
20  withdraw the Earnings Withholding Order served on Pillsbury thereby
21  relieving it of any responsibility for garnishing Catz's wages during the
22  pendency of Catz's appeal.
23      e.    Defendants should not, during the pendency of Catz's appeal of the
24  October 26, 2007 fee award at issue in this application, be ordered to return
25  any and all wages garnished from Catz's paycheck delivered to the San
26  Francisco Sheriff and/or the Defendants in this matter.
27
28

1   The Court has good cause to grant Catz's request for an ex parte temporary
2  restraining order. The application is made on the grounds that, unless immediate ex parte
3  relief is granted, Catz will suffer irreparable injury through Defendants' premature efforts
4  to garnish his wages. The amount of money to be garnished represents a significant portion
5  of Catz's income for which he is the primary financial provider to his family. The loss of
6  his income during the pendency of the appeal would significantly harm his family's
7  financial security and, in the event his appeal of the fee award is successful, would require
8  the kind of the kind of "complicated unraveling" that would result from undoing the
9  enforcement of an award that was overturned on appeal and that 28 U.S.C. section 1963
10 seeks to avoid.

11   Plaintiff's application for the requested relief is based on this Application and
12 Motion, the Memorandum of Points and Authorities in support of this Application and
13 Motion, and the supporting declaration of Jason A. Catz, and all papers, records, and
14 documents on file in this matter, and on such further evidence and argument as may be
15 presented in this action or in the hearing on this Motion.

16   Dated: May 29, 2008.

JASON A. CATZ
801 Calmar Avenue
Oakland, CA 94610

By _____
Plaintiff in Pro Per

MEMORANDUM OF POINTS AND AUTHORITIES

I.  INTRODUCTION.

This application arises out of Defendants' premature efforts to collect a fee award on a judgment that is not yet final. Defendants were awarded more than $66,000 in attorneys fees as a result of litigation in the U.S. District Court for the District of Arizona.

Plaintiff Jason A. Catz filed a notice of appeal on December 21, 2007 but due to a clerical error by the clerk, the Notice of Appeal was never entered onto the Court's docket or into its file.

Thereafter, Defendants relied upon a purported certification of a final judgment from the clerk of the U.S. District Court for the District of Arizona to register that judgment in this judicial district. That certification incorrectly states that "no notice of appeal of that judgment has been filed."

Jason Catz and his co-plaintiffs brought the error to the attention of the Arizona District Court and the Ninth Circuit Court of Appeals. Though Defendants may disagree with whether the Notice of Appeal was timely filed, there is no dispute that the entire issue is presently before the Ninth Circuit Court of Appeals.

Defendants are now clearly aware that Jason Catz's Notice of Appeal is before the Ninth Circuit but have knowingly chosen to pursue their collection efforts in violation of 26 U.S.C. section 1963's requirement that they can only recover money in another judicial district if the judgment the seek to recover is final. But a judgment is not final until all appeals are exhausted. Defendants' knowing and present efforts to garnish Catz's wages while the matter is before the Ninth Circuit Court of Appeals is an obvious attempt to avoid the stay of enforcement required by 28 U.S.C. section 1963. Their deliberate use of an erroneous

certification of final judgment by the Arizona clerk—when the judgment is not final—constitutes the worst kind of legal gamesmanship.

Unless the Court grants a temporary restraining order and issues the order to show cause why preliminary injunction should not issue under Federal Rules of Civil Procedure 65(b) and Local Rules 7-11 and 65-1, Jason Catz will suffer irreparable harm and injury by reason of a registered foreign judgment that is null and void and has no legal effect.

## II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On May 13, 2008, Defendants had an Earnings Withholding Order served on Jason Catz's employer Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury"). *See* Declaration of Jason A. Catz in Support of Application for Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction ("Catz Decl."), at Ex. G. The Earnings Withholding Order was obtained in support of Defendants' efforts to collect an award of attorneys fees granted by the United States District Court for the District of Arizona. Catz Decl. Ex. C.

The fee award in underlying Arizona litigation arises out of a 1995 divorce proceeding and the familial conflicts that arose from that litigation. That litigation involved Jason Catz, Shawn Catz and Robert Catz (collectively, "Plaintiffs") as plaintiffs and Susan Chalker, Leonard Karp and Annette Everlove (collectively, "Defendants") as defendants. A more complete history of those underlying events can be read at *Chalker v. Catz*, 142 F.3d 279 (6th Cir. 1998).

By October 2006, the case had been reassigned from the Middle District of Tennessee to the District of Arizona and the latter Court eventually granted Defendants' motion to dismiss. Catz Decl. ¶ 4. Plaintiffs Shawn Catz and Robert Catz appealed that decision, but Jason Catz chose not to appeal the motion to dismiss. Catz Decl. ¶ 5.

1   The Defendants subsequently moved for an order awarding them attorneys fees against Robert Catz, Shawn Catz and Jason Catz. Catz Decl. ¶ 6. On October 26, 2007, the Arizona District Court entered a judgment awarding Defendants their attorneys fees against all of the Plaintiffs—including Jason Catz. *Id.* at ¶ 6 and Ex. C.

After the Arizona District Court awarded those fees, Robert Catz, Shawn Catz and Jason Catz filed a Rule 59 Motion to Correct the Judgment which—in addition to addressing a defect in the judgment—extended Plaintiffs' time to file their notice of appeal of the fee award. *See* Catz Decl. at Ex. A at docket entry 165.

On November 27, 2007, the Arizona District Court granted the Rule 59 motion in part and Jason Catz and Shawn Catz subsequently filed their notice of appeal on December 21, 2007. *See* Catz Decl. Ex. D (attaching a file endorsed copy of the Notice of Appeal). Robert Catz filed an Amended Notice of Appeal on January 3, 2008. *See* Catz Decl. ¶ 9 and Ex. A at docket entry 170.

On January 18, 2008, stake-holder defendants TIAA-CREF filed a motion to strike Robert Catz's Amended Notice of Appeal as untimely and Defendants joined that motion on January 23, 2008. *See* Catz Decl. at Ex. A at docket entries 171-72.

It is through that motion, that Plaintiffs learned that the clerk for the Arizona District Court failed to include the December 21, 2007 Notice of Appeal in its file or on its docket. The Arizona District Court eventually denied Defendants' motion to dismiss the Notice of Appeal because "the filing of a notice of appeal divests the district court of jurisdiction with respect to all matters involved in the appeal." *See* Catz Decl. Ex. F.

While all of this motion practice was occurring in Arizona, Defendants obtained a document titled Certification of Judgment for Registration in Another District from the clerk of

1  the Arizona District Court dated February 13, 2008. They then registered the judgment with this

2  court on February 21, 2008. *See* Catz Decl. ¶ 16 and Ex. H.

3      To remedy the Arizona District Court's clerical error in the appellate court record,

4  Plaintiffs filed a motion pursuant to rule 10(e)(2)(c) of the Federal Rules of Appellate Procedure.

5

6  *See* Catz Decl. Ex. B, at docket entry 37. That matter has been referred to the full appeals panel

7  for the Ninth Circuit Court of Appeal and is the subject of full motion practice pending before

8  that panel. *See id.* at docket entries 39-47. The issues related to this appeal are still pending

9  before the Ninth Circuit Court of Appeal in *Catz v. Chalker*, No. 06-17183.

10      Even after learning that Plaintiffs had filed their Notice of Appeal on December 21, 2007

11  and that the issue of the appeal was pending before the Ninth Circuit, Defendants have continued

12  to pursue their efforts to garnish Jason Catz's wages. On April 21, 2007, they procured an

13

14  Earnings Withholding Order—nearly a month after Plaintiffs' filed their motion to correct the

15  district court's clerical error. *See* Catz Decl. Ex. E; *see also* Catz Decl. Ex. B at docket entry 37.

16      On May 19, 2008, Pillsbury informed Jason Catz for the first time that Defendants were

17  attempting to garnish his wages while his appeal of the fee award is pending. Catz Decl. ¶ 14.

18      III.    ARGUMENT.

19      A.    The Standard for Granting A Preliminary Injunction.

20      The standard for granting a preliminary injunction balances the plaintiff's likelihood

21  of success against the relative hardship to the parties. *Clear Channel Outdoor, Inc. v. City*

22  *of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003).

23

24      Under the traditional criteria for granting injunctive relief, a plaintiff must show "(1)

25  a strong likelihood of success on the merits, (2) the possibility of irreparable injury to

26  plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff,

27  and (4) advancement of the public interest (in certain cases)." *Johnson v. Cal. State Bd. of*

28

1  *Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995). A district court may grant the injunction
2  if the plaintiff "demonstrates either a combination of probable success on the merits and the
3  possibility of irreparable injury or that serious questions are raised and the balance of
4  hardships tips sharply in his favor." *Id.* "These two formulations represent two points on a
5  sliding scale in which the required degree of irreparable harm increases as the probability of
6
7  success decreases. They are not separate tests but rather outer reaches of a single
8  continuum." *Baby Tam & Co. v. City of Las Vegas*, 154 F.3d 1097, 1100 (9th Cir. 1998);
9  *see also Lands Council v. Martin*, 479 F.3d 636, 639 (9th Cir. 2007) (quoting *Clear*
10 *Channel Outdoor Inc. v. City of Los Angeles,* 340 F.3d 810, 813 (9th Cir. 2003)). These two
11 alternatives are "extremes of a single continuum" in which "the greater the relative hardship
12 to the party seeking the preliminary injunction, the less probability of success must be
13 shown." *Clear Channel Outdoor Inc.*, 340 F. 3d at 813.
14

15      1.    <u>There is a strong probability of success on the merits of Jason Catz's claim</u>
16          <u>that Defendants' Earnings Withholding Order was invalidly registered.</u>

17  Defendants have based their registration of the Arizona judgment in this Court on a
18 February 13, 2008 certification from an Arizona District Court clerk who, at that time,
19 would have been completely unaware of any clerical errors with respect to the filing of
20 Jason Catz's December 21, 2007 Notice of Appeal or any dispute about that Notice of
21 Appeal.
22  Subsequent to the issuance of that certification by the clerk, the clerical error
23 became the subject of motion practice before the Arizona District Court and the Ninth
24 Circuit Court of Appeals. The Arizona District Court declined to dismiss Robert Catz's
25 Amended Notice of Appeal as untimely and all the matters related to the appeal issues are
26 presently before the Ninth Circuit. *See* Catz Decl. Ex. A at docket entries 171-72, 175; Ex.
27 B at docket entries 37, 49-47; and Exs. E-F.
28

Under 28 U.S.C. section 1963:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, *when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.* (Emphasis added).

There is currently an appeal pending in the Ninth Circuit seeking review of the Arizona federal court judgment on attorneys fees. At best, Defendants are attempting to use the district court's clerical error to expedite the garnishment of Jason Catz's wages and deny him the benefits of 28 U.S.C. 1963's stay of enforcement of the judgment while the matter is pending on appeal. At worst, Defendants were aware of the December 21, 2007 Notice of Appeal and improperly registered the judgment with this Court knowing that the certification they procured from Arizona was erroneous because the judgment is yet not final.

In either case, Defendants have now served a writ on the judgment—in the form of the Earnings Withholding Order—before the appeal has concluded and knowing that the matter is currently before the Ninth Circuit Court of Appeals. They have not sought leave of the rendering Arizona District Court to execute on the fee award. They have not even attempted to show good cause under 28 U.S.C. section 1963 before the Arizona District Court that entered the judgment. They simply took their invalidly registered judgment and attempted to execute on it.

Because the fee award is a matter pending on appeal, the action Defendants filed in this judicial district on February 21, 2008 improperly registering the Arizona judgment should be dismissed as premature and without force and effect. *See, F.D.I.C. v. McFarland,* 243 F.3d 876, 892-93 (5th Cir. 2001) (judgment obtained by creditor against judgment

1  debtor was not "final" under 28 U.S.C. § 1963 for purposes of appeal and, thus, it was
2  improperly registered in a foreign federal judicial district); *Urban Industries, Inc. of*
3  *Kentucky v. Thevis*, 670 F. 2d 981, 985 (11th Cir. 1982) (28 U.S.C. § 1963 requires that
4  judgment be final before it may be registered in another judicial district, judgment creditors'
5
6  registration of their Kentucky district court judgment in Georgia was without force and
7  effect where their judgment against debtor was merely pending on appeal when registered
8  and had not become final).
9       Where a foreign judgment has been registered in violation of 28 U.S.C. § 1963, the
10 registering court has authority to grant relief by annulling or vacating the registered
11 judgment, vacating any process or executions which may have been issued upon the
12 registered judgment, and restoring to the aggrieved parties any assets or properties which
13
14 may have been seized or levied upon. *Ohio Hoist Mfg. Co. v. LiRocchi*, 490 F.2d 105, 107-
15 08 (6th Cir.1974); *see also U.S. for Use and Benefit of Hi-Way Elec. Co. v. Home Indem.*
16 *Co.*, 549 F.2d 10, 13 (7th Cir. 1977) (district court's function with respect to registered
17 judgment of another district court is more than a merely ministerial activity, and district
18 court has power to stay enforcement of judgment).
19
20     To allow Defendants to begin collecting on their judgment by reason of a clerical
21 error would effectively allow them to circumvent the requirement under 28 U.SC. section
22 1963 that the judgment be final. They would be unfairly allowed to avoid deferring their
23 collection of the fee award until the risk of reversal has passed. *In re Professional Air*
24 *Traffic Controllers Organization*, 699 F.2d 539, 544 (D.C. Cir. 1983) (registration of
25 foreign judgment entered by another federal district court should be deferred until the risk
26 of reversal or alteration on appeal has passed to avoid "complicated unraveling that might
27
28

become necessary" if the judgment, after recognition and enforcement outside the rendering forum, is overturned on direct review).[1]

Though the Defendants may challenge whether Jason Catz's December 21, 2007 Notice of Appeal should be accepted by the Ninth Circuit, it does not change the fact that the issue is presently before and will be decided by that court of appeal. Catz is still entitled to avoid the "complicated unraveling" that would result if the fee award is overturned on review. *See id.*

The entire matter is presently before the Ninth Circuit Court of Appeals. If the Ninth Circuit denies the motion to correct the district court's record, ends Jason Catz's appeal, and the judgment eventually becomes final, then Defendants may return to register *that* final judgment in this district—whenever it actually becomes final. However, the judgment is not currently final while the matter is before the Ninth Circuit and their registration of the judgment is invalid.

  2.  Jason Catz Will Suffer Irreparable Harm.

The Earnings Withholding Order seeks to withhold more than $3,600 per month from Jason A. Catz's net pay. Catz Decl. ¶ 15. Jason Catz is the primary financial support for his wife

---

[1] For other cases addressing the need for the judgment to be final, *see also United States v. Baus*, 834 F.2d 1114 (1st Cir. 1987) (only final judgments can be registered pursuant to 28 U.S.C. § 1963); *Goldman v. Meredith*, 596 F.2d 1353 (8th Cir. 1979) (federal court refused to register foreign judgment because it was not "final by appeal."); *Abegglen v. Burnham*, 94 F.Supp. 484 (D. Utah 1950) (judgment of district court for recovery of money was not entitled to registration in another district and execution could not be issued thereon in such district while an appeal from such judgment was pending); *Siljestad v. Hideca Trading, Inc.*, 96 F.R.D. 7 (S.D.N.Y.1982) (a judgment from which pending appeal has been taken is not "final by appeal," and thus may not be registered under 28 U.S.C. § 1963; *Goldsmith v. Midwest Energy Co.*, 90 F.R.D. 249 (N.D. Ohio 1980) (judgment obtained in Virginia federal court was not entitled to registration under 28 U.S.C. § 1963 while an appeal was pending, registration and attachment quashed and expunged, and any process or executions issued upon the registered judgment vacated, and any assets or property of the judgment debtor that had been seized or levied restored) ; *Lipton v. Schmertz*, 68 F.R.D. 249 (S.D.N.Y.1974) (where foreign judgment was not registrable because appeal therefrom was pending, attachment likewise would not issue to enforce such judgment).

1  and two young children. *Id.* As an individual, the monetary impact of the garnishment will
2  impose a significant strain on his ability to provide for their necessities of life. At present, the
3  next available date for a noticed motion on these issues is in August 21, 2008—nearly three
4  months away. Catz Decl. ¶ 17. Because he does not have the ability to cover the garnished
5  funds, Catz will either be unable to cover those expenses or will need to incur additional debt
6  from another source to do so. *Id.* ¶ 16. In either case, Catz will suffer immediate and irreparable
7  harm as result of Defendants improper wage garnishment.
8  
9  Moreover, because the amount of the garnishment is so large, a successful appeal decided
10 after a lengthy garnishment will force him to suffer the kind of "complicated unraveling" that 28
11 U.S.C. section 1963 seeks to avoid. *In re Professional Air Traffic Controllers Organization*, 699
12 F.2d 539, 544 (D.C. Cir. 1983). The impact of unraveling the effects of the garnishment would
13 be unavoidable, difficult and cause irreparable harm.
14 
15         3.      <u>The relief sought would not substantially damage the defendants and the</u>
16                 <u>public interest would be served by granting Catz's preliminary injunction.</u>
17 The Defendants would suffer no substantial damage as a result of the injunction. *See*
18 *Johnson v. Cal. State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995). Rather, the
19 injunction would return all parties to their proper state of affairs pending the outcome of the
20 appeal. In the event that the Ninth Circuit Court of Appeal refuses to decide the substantive
21 issues of Jason Catz's appeal and ends his appeal of the fee award, and if the judgment becomes
22 final sometime thereafter, then Defendants may return to this district to properly register the
23 judgment and pursue a wage garnishment when the judgment is actually final.
24 
25 The final test for granting a preliminary injunction is that the public interest is served by
26 granting the relief sought. *Johnson v. Cal. State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th
27 Cir. 1995). Here, the public interest is served by discouraging others from improperly registering
28

a foreign judgment under 28 U.S.C. § 1963. Defendants are engaging in gamesmanship by relying on a certification of judgment from the Arizona clerk that purports to establish that the judgment is final when they know that it is not final and is presently before the Ninth Circuit Court of Appeals. This type of gamesmanship should not be rewarded and the public interest would be well served by an injunction that discourages such games.

### IV.  CONCLUSION

Since the judgment that the Defendants are seeking to enforce is not yet final, Defendants' efforts to enforce that judgment in this district are premature and improper. They are attempting to execute an Earnings Withholding Order by relying on an invalid Certification of Judgment from Arizona. This Court has authority to grant the relief sought by annulling the registered judgment and vacating any process or executions issued under color of the registered foreign judgment and the writ of execution issued on April 21, 2008.

For the forgoing reasons, Plaintiff Jason A. Catz respectfully requests that the Court issue a Temporary Restraining Order and Order to Show Cause Why A Preliminary Injunction Should Not Issue.

Dated: May 29, 2008.

JASON A. CATZ
801 Calmar Avenue
Oakland, CA 94610

By _____
Plaintiff in Pro Per