| | |
|---|---|
| 1 | VICKY CHAN (SBN 226923)<br>LAW OFFICE OF WILLIAM J. DIFFENDERFER |
| 2 | One Market, Spear Tower, Suite 2150<br>San Francisco, CA 94105 |
| 3 | Telephone:    (415)348-4150<br>Facsimile:    (800)914-3772 |
| 4 | |
| | Associated Counsel: |
| 5 | |
| | RONALD D. ECHEGUREN (SBN 76307) |
| 6 | ELSA S. BALDWIN (SBN 153907)<br>CRESSWELL, ECHEGUREN |
| 7 | RODGERS & NOBLE (2158-104)<br>180 Grand Avenue, Suite 440 |
| 8 | Oakland, CA 94612<br>Telephone:    (510)444-1735 |
| 9 | Facsimile:    (510)444-6923 |
| 10 | Attorneys for Defendants<br>DAVID G. CHALKER (substituted by |
| 11 | Arizona District Court for SUSAN R.<br>CHALKER, deceased), LEONARD I. KARP |
| 12 | AND ANNETTE EVERLOVE |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHAWN D. CATZ, JASON A. CATZ<br>ROBERT S. CATZ,<br><br>    Plaintiffs,<br><br>vs.<br><br>SUSAN R. CHALKER, LEONARD<br>KARP and ANNETTE EVERLOVE, et<br>al.,<br><br>    Defendants.<br>_____/<br><br>AND "COUNTERCLAIMS"<br>_____/ | Case No.:    CV 08-80022 MISC VRW<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS "COUNTERCLAIMS" FOR "ABUSE OF PROCESS"; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[Fed. Rule Civ. Proc. Rule 12(c)]<br><br>Date: October 9, 2008<br><br>Time: 2:30 p.m.<br><br>Dept.: 6 |

---

1

NOTICE OF MOT. AND MOTION DISMISS "COUNTERCLAIMS"; MEMORANDUM OF PTS & AUTHS. IN SUPPORT

# NOTICE OF MOTION

**TO ALL PARTIES:**

**PLEASE TAKE NOTICE THAT** on October 9, 2008, at 2:30 p.m., or as soon thereafter as this matter may be heard, "counterdefendants" David G. Chalker, Leonard Karp and Annette Everlove will move for an order pursuant to Rule 12(c) of the Federal Rules of Civil Procedure to dismiss the "counterclaims" for "abuse of process" filed by Shawn D. Catz and Robert S. Catz.

The motion is based on this Notice, the Memorandum of Points and Authorities herein, the record on file in this case (Civil Docket For Case #: 3:08-mc-80022-VRW), and such matters as may be presented at a hearing, if one is held.

## STATEMENT OF RELIEF REQUESTED

A dismissal pursuant to Rule 12(c) of the Federal Rules of Civil Procedure of the procedurally and substantively improper "counterclaims" for "abuse of process" filed by Shawn D. Catz and Robert S. Catz against "counterdefendants" David G. Chalker, Leonard Karp and Annette Everlove.

# TABLE OF AUTHORITIES

## Cases

*Alexander v. City of Chicago*, 994 F.2d 333 (7th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . 6

*Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . 6

*Euro-American Coal Trading v. James Taylor Mining,*
431 F. Supp.2d 705 (E.D. Ky. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d 1542 (9th Cir. 1990) . . . . . . . 6

*In re Delorean Motor Co.,* 991 F.2d 1236 (6th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Irish Lesbian & Gay Org. v. Guiliani*, 143 F.3d 638 (2nd Cir. 1998) . . . . . . . . . . . . . . . . . 6

*Merlet v. Rizzo* (1998) 64 Cal.App.4th 53 [75 Cal.Rptr.2d 83] . . . . . . . . . . . . . . . . . . . . . . 7

*North Star Int.'l v. Arizona Corp. Comm'n,*720 F.2d 578 (9th Cir. 1983) . . . . . . . . . . . . . 6

*Pimentel v. Houk* (1951) 101 Cal.App.2d 884, 887 [226 P.2d 739] . . . . . . . . . . . . . . . . . . 7

*Qwest Communications Corp. v. City of Berkeley*, 208 F.R.D 288 (N.D. Cal. 2002) . . . . . 6

*Rusheen v. Cohen* (2006) 37 Cal.3th 1048 [39 Cal.Rptr.3d 516] . . . . . . . . . . . . . . . . . . . . . 4

*Silver v. Gold* (1989) 211 Cal.App.3d 17, 25 [259 Cal.Rptr. 185] . . . . . . . . . . . . . . . . . . . 8

*Tellefsen v. Key System Transit Lines* (1961) 198 Cal.App.2d 611[17 Cal.Rptr. 919]) . . . 7

## Statutes, Rules and Treatises

California Civil Code section 47(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. section1963 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Federal Rules of Civil Procedure

    Rule 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    Rule 12 (b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    Rule 12 (c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    Rule 13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Schwarzer, Calif. Practice Guide:  Fed. Civ. Proc. Before Trial . . . . . . . . . . . . . . . . . . . . 6

5 Witkin, Summary of California Law (9th ed. 1988) Torts, §459 . . . . . . . . . . . . . . . . . . 7

5 Witkin, Cal. Proc. 4th (1997) Plead. § 716 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

NOTICE OF MOT. AND MOTION DISMISS "COUNTERCLAIMS"; MEMORANDUM OF PTS & AUTHS. IN SUPPORT

## MEMORANDUM OF POINTS AND AUTHORITIES

This motion addresses the so-called "counterclaims" filed by Shawn Catz and Robert Catz against "Defendants Chalker, Karp and Everlove" for "abuse of process." On February 13, 2008, the Clerk for this Northern District registered a judgment issued by the United States District Court for the District of Arizona, Case No. CV 03-91-TUC-FRZ, against Shawn Catz, Robert Catz and Jason Catz ("Judgment"). In response to the Clerk's "Certification of Judgment For Registration In Another District," Shawn Catz and Robert Catz each purported to file an "answer" and "counterclaim" against the judgment creditors.[1] The one-paragraph allegation in each "counterclaim" summarily asserts that the registration of the Arizona federal judgment in this court was "improper, willful and unlawful."

As a procedural matter, the registration of a judgment of another district court is not a "civil action" for any "counterclaim" to be feasible. There is no complaint pending against either Shawn Catz or Robert Catz in this district. Thus, the "counterclaims" are procedurally improper.

Substantively, the "counterclaims" do not state a valid claim for "abuse of process" under the applicable California law. Not only are the pleadings insufficient to state the essential elements of the claim, but the alleged conduct falls squarely within the litigation privilege in California Civil Code section 47, as delineated by the California Supreme Court in *Rusheen v. Cohen* (2006) 37 Cal.3th 1048 [39 Cal.Rptr.3d 516].) Under *Rusheen*, the use of a judicial process to enforce a judgment, including communicative and non-communicative acts necessary thereto, is privileged conduct that cannot constitute "abuse of process" as a matter of law.

Since the "counterclaims" are procedurally and substantively defective, they should be dismissed pursuant to the Federal Rules of Civil Procedure, Rule 12(c).

/ / /

/ / /

---

[1] No "counterclaim" has been filed by Jason Catz; instead, he has pursued a temporary restraining order to challenge a writ of execution on the judgment against him. (Docket Item #5)

4

NOTICE OF MOT. AND MOTION DISMISS "COUNTERCLAIMS"; MEMORANDUM OF PTS & AUTHS. IN SUPPORT

## STATEMENT OF FACTS

As shown by the record on file in this matter, Shawn Catz, Robert Catz and Jason Catz were plaintiffs in a federal action against Susan R. Chalker,[2] Leonard Karp and Annette Everlove, entitled *Catz v. Chalker et al.*, Case No. CIV 03-91-TUC-FRZ, United States District Court for the District of Arizona. (See Civil Docket For Case No. 3:08-MC-80022-VRW). On October 26, 2007, United States District Judge Frank R. Zapata issued an Order awarding attorney fees and costs in the amount of $66,126.00 to the "Chalker Defendants against each Plaintiff jointly and severally"; the Clerk of the Arizona District Court issued a Judgment accordingly on that date. (*Id.*, Docket Item #1.) On November 21, 2007, Judge Zapata issued an order nunc pro tunc to correct a misspelling of the Catz' name; an Amended Judgment was issued accordingly. (*Ibid.*) On February 13, 2008, the Clerk for this Northern District registered the Judgment "as amended as to the caption name only" in a "Certification of Judgment For Registration In Another District." (*Ibid.*)

In response to the registration, Shawn Catz and Robert Catz have each asserted an "ANSWER" and a "COUNTERCLAIM" (Docket Items # 4 & 10) which avers that:

> 4. The improper, willful and unlawful registration of the Arizona federal judgment in this judicial district under 28 U.S.C. § 1963 and issuance of a writ of execution by Defendants Chalker, Karp & Everlove constitutes a claim for abuse of process entitling him to compensatory and punitive damages to be awarded by a jury.

The reference to "issuance of a writ of execution" is a legal assertion that has no legal basis.[3] No writ of execution on the Judgment has been issued against Shawn Catz or Robert Catz, and neither Shawn Catz nor Robert Catz has standing to challenge a writ of execution against Jason Catz.

---

[2] Ms. Chalker is deceased. After her death in 2005 (while the Arizona federal action was pending), her executor, David G. Chalker, was ordered to be substituted for her as a party. Accordingly, the "Chalker" defendant named in the "counterclaims" can only refer to David G. Chalker.

[3] Under the legal standard for dismissal set forth below, this allegation may be disregarded.

Counterdefendants have "answered" the "counterclaims," but as shown herein, the defective claims should be dismissed.

## ARGUMENT

**I.  Legal Standards.**

**A.  Rule 12(c).**

A post-answer motion to dismiss for failure to state a claim may be made pursuant to Rule 12(c) "after the pleadings are closed but within such time as not to delay trial." (FRCP, Rule 12(h).)  Apart from timing, Rules 12(b)(6) and 12(c) are "virtually interchangeable" in permitting challenges to the legal sufficiency of the allegations. (Schwarzer, Calif. Practice Guide:  Fed. Civ. Proc. Before Trial (Rutter Group 2008) ¶ 9:319, citing *Irish Lesbian & Gay Org. v. Guiliani*, 143 F.3d 638, 644 (2nd Cir. 1998); *Qwest Communications Corp. v. City of Berkeley*, 208 F.R.D 288, 291 (N.D. Cal. 2002).)  Both motions address whether a claim is stated upon which relief may be granted, and both assume the allegations pleaded are true.

Dismissal is proper where there is either a "lack of a cognizable theory" or "the absence of sufficient facts alleged under a cognizable legal theory."  (Schwarzer, *supra*, ¶ 9:187, quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).)  A judgment on the pleadings is appropriate when the moving party clearly establishes on the face of the pleadings it is entitled to judgment as a matter of law. (*Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990).)  The purpose of a dismissal is to purge the complaint of claims that are not legally viable. (*North Star Int.'l v. Arizona Corp. Comm'n,* 720 F.2d 578, 581 (9th Cir. 1983).)  This "may save the parties needless and often considerable time and expense which would otherwise be incurred during discovery and trial."  (*Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993).)

In considering a motion on the pleadings, a court need not accept as true any conclusory allegations or legal characterizations. (*In re Delorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993).)  In the words of one court, "bald assertions, unsupportable conclusions, periphrastic circumlocutions and the like need not be credited." (*Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir. 1996).)

NOTICE OF MOT. AND MOTION DISMISS "COUNTERCLAIMS"; MEMORANDUM OF PTS & AUTHS. IN SUPPORT

**II.     The "Counterclaims" To Registration Of A Judgment Are Procedurally Improper.**

Counterclaims are a responsive pleading that may be asserted against an opposing party in a civil action. (FRCP, Rule 13.) "A civil action is commenced by filing a complaint with the court." (*Id.*, Rule 3.)

Here, no civil action is pending against either of the Catzes. The federal registration procedure under 28 U.S.C. §1963 was enacted by Congress in order to permit a party to "register" a foreign federal judgment without the need for a separate civil action. (See *Euro-American Coal Trading v. James Taylor Mining,* 431 F. Supp.2d 705, 707-708 (E.D. Ky. 2006).) The effect of the federal registration procedure "is the equivalent of an entirely new judgment." (*Ibid.*)   Thus, the registration of a judgment is not a "complaint" by an opposing party in a civil action for any "counterclaim" to be feasible.

Accordingly, the Catz "counterclaims" are improper and should be dismissed.

**III.    The "Counterclaims" Are Substantively Defective.**

In addition to the procedural defect, the "counterclaims" fail to plead the requisite elements for a claim of abuse of process, and the conduct that is alleged is absolutely privileged under the applicable California law.

**A.     The Conclusory Allegation Is Insufficient To Plead The Elements Of A Claim For "Abuse of Process."**

Under California law, the tort of abuse of process involves a misuse of a court process for a purpose other than that for which the process was designed.  (5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 459.) "In other words, abuse of process requires an act outside the purpose of the process." (*Merlet v. Rizzo* (1998) 64 Cal.App.4th 53, 65-66 [75 Cal.RPtr.2d 83].)

To plead a claim for abuse of process, a litigant must allege that the defendant (1) contemplated an ulterior motive in using the process, and (2) committed a willful act in the use of the process not proper in the regular conduct of the proceedings. (See 5 Witkin, California Procedure 4th (1997) Plead. § 716, p. 174 , citing *Pimentel v. Houk* (1951) 101 Cal.App.2d 884, 887 [226 P.2d 739] (allegation of "malicious" levy of attachment did not, and could not, aver

an improper use of the process); *Tellefsen v. Key System Transit Lines* (1961) 198 Cal.App.2d 611, 614 [17 Cal.Rptr. 919]); *Silver v. Gold* (1989) 211 Cal.App.3d 17, 25 [259 Cal.Rptr. 185] (plaintiff failed to allege facts showing unauthorized act).)

The "counterclaims" here are insufficient even to plead, much less establish, the requisite elements of a claim of abuse of process. There is no allegation of any improper purpose or act outside of the purpose of the process. No such allegation is possible, since the mere registration of a judgment by the District Clerk pursuant to U.S.C. section 1963 is well within the process for which it is intended. Therefore, the "counterclaims" fail to state a valid claim for "abuse of process."

**B.   The Alleged Conduct Is Absolutely Privileged Under The Applicable Law In California Civil Code Section 47.**

Under California Civil Code section 47(b), all "communication[s] in the course of a judicial proceeding" are subject to the absolute litigation privilege. A request for registration of a district court judgment by this District Clerk is clearly a communication "in the course of a judicial proceeding." As a privileged communication, it cannot constitute an "abuse of process."

As noted, the Catz "counterclaims" also reference a "writ of execution" which has no legal basis. But even if such allegation could be credited, the California Supreme Court has held that even non-communicative acts to enforce a judgment are necessarily related to "communication[s] in the course of a judicial proceeding" and thus cannot legally constitute an "abuse of process." (*Rusheen*, *supra,* 37 Cal.4th at 1063-1066.)

The *Rusheen* decision was issued to resolve conflicts among the appellate courts as to whether post-judgment enforcement activities, such as properly obtaining a writ of execution and levying on a judgment debtor's property, are actionable as an "abuse of process." Rusheen became subject to a default judgment and a writ of execution after he was found to be vexatious litigant required to post a bond; Rusheen obtained a reversal of the judgment on appeal. On remand, Rusheen filed a cross-complaint against the defendant's attorney for abuse of process, asserting that the attorney permitted the client to execute on a judgment based on

1  "false declarations" concerning service. The attorney brought a successful motion to strike, but the Court of Appeal reversed.

On review, the California Supreme Court noted that Civil Code section 47(b) is intended "to afford litigants . . . free access to the courts without fear of being harassed subsequently by derivative tort action . . . and to give finality to judgments, and to avoid unending litigation." (*Rusheen*, *supra,* at 1063.) The Court determined as a matter of policy that, where the gravamen of a claim for abuse of process is a privileged communicative act (e.g., the allegedly perjured declarations of service), the litigation privilege extends to non-communicative enforcement activities – including a writ of execution – that are necessarily related to the allegedly wrongful litigation communication. Since, in Rusheen's case, the "allegedly wrongful conduct was privileged (Civ. Code § 47, sub. (b))," the Court held that it was proper to strike the cross-complaint  because there was "no  reasonable probability Rusteen's abuse of process claim would prevail." (*Id*. At 1065.)

*Rusheen* compels a similar result here. The alleged conduct of registering the Arizona federal Judgment involves a communicative act that is absolutely privileged. The nonsensical allegation of a "writ of execution" – even if accepted as true – is equally privileged as a related noncommunicative act. The Catz "counterclaims" should be dismissed for failure to state a valid claim for "abuse of process" under California law.

## CONCLUSION

For the foregoing reasons, the "counterclaims" by Shawn Catz and Robert Catz for abuse of process fail on the "pleadings" as a matter of law. The "counterclaims" are procedurally improper, substantively untenable, and in light of *Rusheen*, completely frivolous.

Dated:        July 8, 2008                        CRESSWELL, ECHEGUREN,
                                                   RODGERS & NOBLE


                                          By: _____
                                                RONALD D. ECHEGUREN
                                                Attorney for Defendants DAVID G. CHALKER
                                                (substituted by Arizona District Court for SUSAN
                                                R. CHALKER, deceased), LEONARD I. KARP
                                                AND ANNETTE EVERLOVE

9

NOTICE OF MOT. AND MOTION DISMISS "COUNTERCLAIMS"; MEMORANDUM OF PTS & AUTHS. IN SUPPORT

1 | *United States District Court, Northern District of California, San Francisco Division*
2 | *Catz v. Chalker, Case No.; CV 08-80022 MISC VRW*
*Our File No.: 2158-104*

3 | **PROOF OF SERVICE**

4 | I, V. Guthrie, the undersigned, declare as follows:

5 | I am over the age of eighteen years and not a party to the within action.  My business

6 | address is 180 Grand Avenue , Suite 440, Oakland, California 94612.  Upon this day, the

7 | following:

8 | **1.  NOTICE OF MOTION AND MOTION TO DISMISS "COUNTERCLAIMS" FOR "ABUSE OF PROCESS"; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
9 |
10 | **2.  [Proposed] ORDER GRANTING MOTION TO DISMISS "COUNTERCLAIMS" FOR "ABUSE OF PROCESS"**

11 | was served on all interested parties through their attorneys of record, by placing a true and

12 | correct copy thereof, addressed as shown and as designated below:

13 | Shawn D. Catz
Robert S. Catz
14 | 71 White Bridge Road Unite #103-151
Nashville, TN 37205-1444
15 | Telephone:   (615) 423-7190
Facsimile:
16 | **Plaintiffs Pro Se**

Vicki Chan
Law Offices of William J. Diffenderfer
One Market, Spear Tower, Suite 2150
San Francisco, CA 94105
Telephone:   (415) 348-4150
Facsimile:   (415) 914-3772
**Co-Counsel for defendant Susan R. Calker, Leonard I. Karp and Annette Everlove**

17 | Jason Catz
18 | 801 Calmar Avenue
Oakland, CA 94610-1730
Telephone:
19 | Facsimile:
**Plaintiff Pro Se**

20 |

21 | **X VIA FIRST CLASS MAIL**.  I caused such envelope to be deposited in the mail at Oakland, California, in a sealed envelope with postage fully prepaid
22 | thereon.  I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service.
23 | The mail is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of the party served,
24 | service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

25 |

26 | / / /

27 | / / /

28 | / / /

1

1  I declare under penalty of perjury that the foregoing is true and correct, and that this
2  declaration was executed on July 8, 2008, at Oakland, California.
3
4
5  _____
6  V. GUTHRIE
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28